Filed 2/2/24  P. v. Myers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098795 |
| v. | (Super. Ct. No. 21CR0203) |
| DUSTIN THOMAS MYERS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dustin Thomas Myers asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

On November 18, 2021, South Lake Tahoe Police Department officers responded to a call about a man yelling at people, and they encountered defendant.  He ignored the officers' commands, ran away from them, and ran through private yards.  He then fought with the officers and reached for one of their firearms.  All three officers involved sustained injuries.

1

A criminal complaint filed November 22, 2021, charged defendant with resisting an executive officer (Pen. Code, § 69 -- counts 1 & 2) and battery on a peace officer (Pen. Code, § 243, subd. (b) -- count 3), and it further alleged that defendant was released from custody on bail or on his own recognizance when he committed the acts charged in counts 1 and 2 (Pen. Code, § 12022.1).

On August 29, 2022, defendant entered a plea of no contest to counts 1 and 2 and the trial court dismissed count 3 and the on-bail enhancement allegation with a *Harvey* waiver. (See *People v. Harvey* (1979) 25 Cal.3d 754.) The trial court sentenced defendant to an aggregate term of two years eight months, consisting of two years on the count 1 resisting an officer conviction and eight months, one-third the middle term, on the count 2 resisting an officer conviction. The trial court ordered the sentence served as a split sentence with one year in county jail and one year eight months on mandatory community supervision. Because defendant had been in custody for 187 days and had 186 days of presentence credit, the trial court released him to mandatory community supervision with the balance of his credit to apply toward his supervision term.

On or about November 3, 2022, the People filed a petition for revocation of mandatory supervision and defendant admitted to the alleged violations. The trial court sentenced defendant to 90 days in jail and awarded him two days of presentence credit.

The People subsequently filed three more petitions for revocation of mandatory supervision: one on February 6, 2023, alleging that defendant violated Health and Safety Code sections 11550 [using, or being under the influence of, a controlled substance without a valid prescription] and 11364, subdivision (a) [possession of controlled substance paraphernalia]; one on March 3, 2023, alleging that defendant failed to report to his probation officer; and one on March 14, 2023, alleging that defendant violated Health and Safety Code section 11377, subdivision (a) [possession of a controlled substance without a valid prescription]. The trial court denied defendant's *Marsden* motion (see *People v. Marsden* (1970) 2 Cal.3d 118) and found that defendant violated

2

his mandatory supervision as alleged in the second, third, and fourth petitions. It sentenced defendant to 369 days in jail and awarded him 90 days of presentence credit. The trial court ordered defendant released from custody once he served the balance of his sentence, 189 days, at which time the mandatory supervision would be terminated.

Defendant filed a notice of appeal, indicating that his appeal is based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
BOULWARE EURIE, J.

/S/
MESIWALA, J.

3